**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ASHLEY GAFFIGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| SUGAR FACTORY ROSEMONT LLC, | ) | |
| a corporation, and KEVIN | ) | |
| KILLERMAN, individually | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Ashley Gaffigan ("Plaintiff" or "Gaffigan"), by and through her attorney, Law Offices of Daniel Zemans, LLC, states for her Complaint against Sugar Factory Rosemont LLC (hereinafter referred to as "Sugar Factory") and Kevin Killerman ("Killerman"), individually (collectively referred to as "Defendants") as follows:

## INTRODUCTION

1. This four-count individual action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.*, for Defendants' failure to pay Plaintiff at one and one-half times her regular rate of pay ("overtime") for all hours worked over forty (40) in individual workweeks; and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.* ("IWPCA") and common law breach of contract for Defendant's failure to pay Ms. Gaffigan's health care stipend, which was part of the employment agreement between the parties.

## THE PARTIES

2. Plaintiff Gaffigan is a citizen of Illinois who resided and worked in this District at all relevant times.

1

3. Defendant Sugar Factory is incorporated in Illinois, is headquartered in this District, is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A), is an employer as defined in 29 U.S. § 203(d), and is an employer as defined in 29 U.S. § 203(d) and 820 ILCS 105/3(c).

4. Defendant Killerman is a citizen of Illinois who has resided in this District at all relevant times.

5. At all relevant times, Sugar Factory and Killerman were employers as defined in 29 U.S. § 203(d) and 820 ILCS 105/3(c).

6. At all relevant times, Gaffigan was an employee as defined in 29 U.S. § 203(e) and 820 ILCS 105/3(d).

## JURISDICTION AND VENUE

7. Jurisdiction is invoked under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over the state law claims pursuant to 29 U.S.C. § 1367.

9. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(2), in that Ms. Gaffigan resides in and performed her employment duties within this District, Sugar Factory is headquartered in this District, Killerman is a resident of this District, the claim arose in this District, and most of the relevant witnesses are located in this District.

# FACTS

10. Ms. Gaffigan worked for Sugar Factory from on or around February 22, 2016 through on or around August 16, 2016.

11. The parties entered into an employment agreement, attached as Exhibit A, via electronic mail on February 5, 2016.

12. Ms. Gaffigan did not have a job title at Sugar Factory.

13. The only specific task in the contract was for Ms. Gaffigan to create food cost project timelines, something that would require her to enter data into a spreadsheet, but that is not something that was actually assigned to her once her employment began.

14. Ms. Gaffigan spent approximately 20% of her time doing inventory of candy, which consisted of organizing, counting, and logging Sugar Factory's vast array of candy offerings for sale to customers.

15. Ms. Gaffigan spent approximately 30% of her time doing data entry.

16. Ms. Gaffigan spent approximately 15% of her time doing clerical work like checking the identification of potential employees who were being hired by Mr. Killerman's other business enterprises.

17. Ms. Gaffigan spent another approximately 15% of her time pulling reports from Sugar Factory's sales point of service system.

18. Ms. Gaffigan spent the remaining approximately 20% of her time doing a host of insignificant tasks for Sugar Factory as well as Mr. Killerman's other businesses that had contracts to sell beverages at NFL Draft Town and Lollapalooza, two large multi-day events in downtown Chicago. This included cleaning the office, running errands, making photocopies, collecting documents, organizing paperwork, gathering and dividing up employees' badges,

distributing documents, and anything else Ms. Gaffigan was instructed to do by Diana Sanok, one of her supervisors who worked directly for Mr. Killerman.

19. Defendants Sugar Factory and Killerman managed Ms. Gaffigan's work and the number of hours she worked.

20. Defendants Sugar Factory and Killerman dictated, controlled and ratified all policies and practices relating to Ms. Gaffigan's employment.

21. Defendants Sugar Factory and Killerman classified Ms. Gaffigan as an exempt employee and refused to pay her any overtime wages as part of a concerted effort to reduce its labor and payroll costs.

22. Ms. Gaffigan did not have the authority to hire or fire other Sugar Factory employees.

23. Ms. Gaffigan did not supervise or direct the work of other Sugar Factory employees.

24. Ms. Gaffigan was expected to follow established company protocols in carrying out her duties.

25. Ms. Gaffigan was not permitted to incur expenses on Sugar Factory's behalf without a supervisor's approval.

26. Ms. Gaffigan was not permitted to set or establish new policies or practices without a supervisor's approval.

27. Ms. Gaffigan's job duties did not involve the performance of work requiring invention, imagination, originality or talent in a recognized filed of artistic or creative endeavor.

28. Ms. Gaffigan routinely worked well over 40 hours per week, ranging from between 45 to 81.25 hours, but was paid at a fixed weekly rate for all of the work she performed.

29. Defendants did not keep track of Ms. Gaffigan's time as is required under the FLSA, 29 U.S.C. § 211(c), and the IMWL, 820 ILCS 105/8.

30. Defendants were aware that Ms. Gaffigan worked over 40 hours per workweek because, among other ways, she performed work on their premises, stayed in constant communication with Defendant, and was assigned to be at particular places and times which required more than 40 hours of work.

31. Sugar Factory did not pay Ms. Gaffigan any overtime premium wages for work she performed in excess of forty (40) hours per week because it classified her as an exempt employee under the FLSA and IMWL.

32. As a result of Sugar Factory's improper and willful misclassification of Plaintiffs and the putative collective and class members, these employees suffered lost wages and other damages.

33. Ms. Gaffigan's employment agreement included a $217 monthly stipend to cover her health insurance costs.

34. Sugar Factory failed to pay Ms. Gaffigan the stipend in July and August, 2016.

**COUNT I – Violation of the Fair Labor Standards Act**
**(against Sugar Factory and Kevin Killerman)**

35. Plaintiff incorporates paragraphs 1 through 34 as though fully set forth herein.

36. Sugar Factory and Killerman were employers as defined by 29 U.S.C. § 203(d).

37. Gaffigan was an employee as defined by 29 U.S.C. § 203(e)(1).

38. The compensation that Sugar Factory paid Ms. Gaffigan were "wages" as defined by 29 U.S.C. § 203(m).

39. Sugar Factory was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

40. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, et seq., for their failure to pay Gaffigan at the overtime rate for all hours worked in excess of forty (40) per workweek.

41. Defendants' failure to pay compensation for all time worked and their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

42. Ms. Gaffigan has been harmed as a direct and proximate result of the unlawful conduct described herein, because she has been deprived of wages owed for work she performed from which Sugar Factory derived a direct and substantial benefit.

43. Sugar Factory has no good faith justification or defense for the conduct detailed above, or for failing to pay Ms. Gaffigan all wages mandated by the FLSA.

**WHEREFORE** Plaintiff Ashley Gaffigan respectfully requests the entry of judgment in his favor and against Defendants as follows:

A. Awarding judgment for back pay equal to the amount of all unpaid compensation and overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

B. Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

C. Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

D. Awarding reasonable attorneys' fees and costs incurred in filing this action;

E.  Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; and

F.  All other relief this Court deems just and proper.

## COUNT II – Violation of the Illinois Minimum Wage Law
### (against Sugar Factory and Kevin Killerman)

44. Plaintiff incorporates paragraphs 1 through 34 as though fully set forth herein.

45. Sugar Factory and Killerman were employers as defined by 820 ILCS 105/3(c).

46. Gaffigan was an employee of Sugar Factory as defined by 820 ILCS 105/3(d).

47. The compensation that Sugar Factory paid Ms. Gaffigan were "wages" as defined by 820 ILCS 105/3(b).

48. This Count arises from Defendants' violations of the IMWL, 820 Ill. Comp. Stat. § 105/1, et seq., for their failure to pay Gaffigan for all hours worked, specifically including compensation at the overtime rate for all hours worked in excess of forty (40) per workweek.

49. Gaffigan was entitled to be compensated for all work performed, including payment at the appropriate overtime rate for hours worked in excess of forty (40) hours per week.

50. Sugar Factory's failure to pay Gaffigan overtime wages at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the overtime provisions of the IMWL. 820 ILCS 105/4a.

51. This Count arises from Defendants' violations of the IMWL, 820 ILCS 105/1, *et seq*., for their failure to pay Gaffigan at the overtime rate for all hours worked in excess of forty (40) per workweek.

52. Defendants' failure to pay compensation for all time worked and their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a

willful violation of the IMWL, since Defendants' conduct shows that they either knew that their conduct violated the IMWL or showed reckless disregard for whether their actions complied with the IMWL.

53. Ms. Gaffigan has been harmed as a direct and proximate result of the unlawful conduct described herein, because she has been deprived of wages owed for work she performed from which Sugar Factory derived a direct and substantial benefit.

54. Sugar Factory has no good faith justification or defense for the conduct detailed above, or for failing to pay Ms. Gaffigan all wages mandated by the IMWL.

**WHEREFORE** Plaintiff Ashley Gaffigan respectfully requests the entry of judgment in his favor and against Defendant as follows:

A. Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and the Plaintiff Class pursuant to the IMWL;

B. Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

C. Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

D. Awarding reasonable attorneys' fees and costs incurred in filing this action;

E. Entering an injunction precluding Defendants from violating the IMWL, 820 Ill. Comp. Stat. 105/1 et seq.; and

F. All other relief this Court deems just and proper.

### COUNT III – Violation of the Illinois Wage Payment and Collection Act
### (against Sugar Factory and Kevin Killerman)

55. Plaintiff incorporates paragraphs 1 through 34 as though fully set forth herein.

56. Sugar Factory and Killerman were employers of Ms. Gaffigan within the meaning of the Illinois Wage Payment Collection Act, 820 ILCS 115/2, in that, among many other things, Ms. Gaffigan performed labor services for Sugar Factory, and Sugar Factory and Killerman controlled whether Ms. Gaffigan was paid.

57. The contract between Ms. Gaffigan and Sugar Factory included a $217 monthly stipend for Ms. Gaffigan to apply to health insurance premiums.

58. Sugar Factory failed to pay Ms. Gaffigan the stipend she earned by working at Sugar Factory in July and August, 2016.

59. Sugar Factory is obligated to pay Plaintiff for all monies earned, pursuant to the Illinois Wage Payment Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.*

60. By not paying the stipend to Ms. Gaffigan, Sugar Factory has wrongfully converted Plaintiff's money for its own use.

**WHEREFORE** Plaintiff Ashley Gaffigan respectfully requests the entry of judgment in his favor and against Defendants as follows:

A. Entering a monetary judgment in favor of Ms. Gaffigan and against Defendants Sugar Factory and Killerman for the money due under the Wage Payment and Collection Act, plus prejudgment interest at the statutory rate pursuant to 820 ILCS 115/14;

B. Ordering Defendants to comply with the Illinois Wage Payment and Collection Act in the future;

C. Ordering Defendants to pay Ms. Gaffigan's attorney's fees and costs of this action pursuant to the Wage Payment and Collection Act.; and

D. All other relief this Court deems just and proper.

## COUNT IV – Breach of Contract
### (against Sugar Factory)

1. Plaintiff incorporates paragraphs 1 through 34 as though fully set forth herein.

2. Plaintiff and Defendant entered into a contract on or around February 5, 2016.

3. Plaintiff indisputably met all terms of her employment agreement.

4. The contract included a provision under which Sugar Factory agreed to pay $217 per month as a stipend to cover Plaintiff's health insurance costs.

5. Defendant failed to pay the stipend during Ms. Gaffigan's final two months of employment.

6. As a result of this breach of contract, Plaintiff suffered financial damages.

**WHEREFORE** Plaintiff respectfully requests the following relief:

A. An award of compensatory damages in an amount to be proven at trial; and

B. All other relief this Court deems just, including equitable relief.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**Dated:** June 14, 2017        **Ashley Gaffigan**

/s/ Daniel Zemans
_____
By: One of Her Attorneys

Daniel Zemans (Attorney #6284309)
The Law Offices of Daniel Zemans, LLC
4542 N. Sheridan Road, #2
Chicago, IL 60640
Phone: (773) 706-7767
Email: dzemans@zemans-law.com